IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ward V. Floro, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:01-cv-386-MJR |
| | ) | |
| Commissioner of Social Security, f.k.a. Dept of HHS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and Local Rule 72.1 (a) for a Report and Recommendation on the

Petition for Revocation of the Commissioner's Decision Denying Benefits (entitled "Plaintiff's

Brief") filed by the Plaintiff, Ward V. Floro, on May 19, 2006 (Doc. 19).  For the reasons set forth

below, it is **RECOMMENDED** that the Plaintiff's petition be **DENIED**, that **JUDGMENT** be

entered in favor of the Defendant, and that the Court adopt the following findings of fact and

conclusions of law:

**FINDINGS OF FACT**

Plaintiff, Ward V. Floro applied for Disability Insurance Benefits on August 7, 1997,

initially alleging an onset date of January 1, 1987 (Tr. 22).  This alleged onset date was later

amended by Plaintiff to December 15, 1991 (Tr. 52). Plaintiff was last insured was December 31,

1991 (Tr. 14).  Plaintiff's claim was initially denied on December 4, 1997 (Tr. 24-27), and denied

again upon reconsideration on March 17, 1998 (Tr. 30-32).  Plaintiff requested and was granted a

hearing before an Administrative Law Judge ("ALJ"), which was held on October 6, 1998 (Tr.

38).  Following this hearing, ALJ Joseph E. Brezina found that Plaintiff was not engaged in substantial gainful activity from December 15, 1991 to the date of his decision.  The ALJ further found that Plaintiff had the medically determinable, but non-severe impairments of obesity and depression prior to December 31, 1991, the date of last insured status.  Finally, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act at any time prior to December 31, 1991 (Tr. 11-18).

On October 6, 1998, when the administrative hearing took place, Plaintiff was forty-nine years old, had earned a bachelor's degree, and had completed one year of law school (Tr. 16).  Plaintiff's relevant work history included owning an insurance agency and teaching mathematics at a junior college on a part time basis (Tr. 16).  At the time of the hearing, Plaintiff stated that he was the President of Floro Insurance Agency, but that he has not worked there since 1986 (Tr. 16).  Rather, Plaintiff stated that his wife operated the business without his assistance (Tr. 16).  Plaintiff alleged that, as of the onset date of December 15, 1991, he was unable to be gainfully employed due to his mental illness.

Plaintiff was treated by the same physician, Dr. Khan, for a twenty-five year period, beginning in November 1971, and lasting until August 1997.  On April 29,1980, more than eleven years prior to Plaintiff alleged onset date of December 15, 1991, he was hospitalized for one night at Memorial Hospital of Belleville, Illinois (Tr. 130).  Upon discharge, he was diagnosed as having anxiety neurosis with obsessive compulsive features for which he was prescribed medication (Tr. 130-35).

Plaintiff testified at the hearing that he had no other hospitalizations or any ongoing medical treatment from 1987-1991 (Tr. 17).  However, Plaintiff alleged to the ALJ that he

suffered from problems with mood, unstable relationships, impulsive or damaging behavior, sleep disturbance, decreased energy and difficulty with concentration (Tr. 209-13).

The ALJ found that Plaintiff's treatment records showed only sporadic routine office visits with no significant medical treatment for any condition on an ongoing basis (Tr. 17).  Plaintiff's medical records indicate that Dr. Khan treated Plaintiff in the two years preceding his alleged onset date for various reasons: in October 1990, Plaintiff complained of a sore throat; in February 1991, he complained of a head cold; in April 1991, he was treated for depression; in August 1992, he saw Dr. Khan for a prescription check; and in November 1992, he complained of a sore shoulder, hypertension, a cold, and depression (Tr. 142).

The ALJ found no functional limitation in performing daily activities, social functioning, nor any deficiencies of concentration, persistence or pace prior to December 31, 1991, based upon the "B" criteria of the Psychiatric Review Technique Form ("PRTF").  These findings echoed the conclusion reached by the state agency's review of Plaintiff's record, namely, that there was insufficient medical evidence to evaluate the severity of any alleged mental impairment prior to December 31, 1991 (Tr. 113-21).

Following the ALJ's adverse finding, Plaintiff appealed to the Appeals Council which denied Plaintiff's request for review on April 6, 2001 (Tr. 5-6).  Plaintiff then filed a complain before this Court on June 14, 2001.  The original cause of action was reinstated on February 16, 2006, following a remand on August 16, 2002, due to the loss of the tape recording of the proceedings before the ALJ (Doc. 5, 10).

## CONCLUSIONS OF LAW

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are

3

supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . . ."); Golembiewski v. Barnhart, 322 F.3d 912, 915 (7th Cir. 2003); Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001); See also White v. Barnhart, 415 F.3d 654, 659 (7th Cir. 2005) ("the reviewing court is not allowed to substitute its judgment for the ALJ's by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility" (citation and quotation marks omitted)).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support such a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1972) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Sims v. Barnhart, 309 F.3d 424, 428 (7th Cir. 2002); Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995).  An ALJ's decision must be affirmed if the findings are supported by substantial evidence and if there have been no errors of law. Golembiewski, 322 F.3d at 915; Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir. 2000).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Lopez ex. rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish a "disability" under the terms of the Social Security Act.  The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing a disability. 20 C.F.R. § 416.920. The ALJ first considers whether the claimant is presently employed or "engaged in substantial gainful activity." 20 C.F.R. § 416.920(b).  If he is, the claimant is not disabled and the evaluation process is over; if he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments which "significantly limits. . . physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 416.920(d).  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. Id.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. 20 C.F.R. § 416.920(e).  If, at this fourth step, the claimant can perform his past relevant work, he will be found not to be disabled. 20 C.F.R. § 416.920(f).  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience and functional capacity to work, is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 416.920(g).

In this case, Plaintiff presents two arguments that the ALJ erred.  First, Plaintiff contends that the ALJ erred by failing to discuss Plaintiff's one-day hospitalization in 1980.  Second, Plaintiff asserts that the ALJ "made no reference or gave no weight" to Plaintiff's testimony regarding his mental illness and how it affected him during 1991 and 1992, and that this was an error that justifies a remand.  Specifically, Plaintiff contends that the ALJ ignored his testimony at

the hearing that he suffered oddities of thought, problems with mood, unstable relationships, impulsive or damaging behavior, violent behavior, sleep disturbance, decreased energy, difficulty with concentration, seclusiveness, isolation, and reclusion, all during 1991 and 1992.

Plaintiff's arguments are without merit.  Although an ALJ must "articulate, at some minimum level, [his] analysis of the evidence, [he] is not required to address every piece of evidence or testimony." Dixon, 270 F.3d at 1176.  Further, while an ALJ may not disregard entire lines of evidence that are contrary to his findings, he need not provide a complete written evaluation of every piece of testimony and evidence in the record. Henderson v. Apfel, 179 F.3d 507, 514 (7th Cir. 1999).  While the ALJ did not specifically reference the 1980 one-day hospitalization or the exact testimony of Plaintiff, in his discussion, he did state:

> In regard the claimant's alleged mental impairment **for the period prior to December 31, 1991**, I find that under the "B" criteria of the Psychiatric Review Technique Form (PRTF), **based upon the objective medical evidence contained in the record**, the claimant had no functional limitation in performing his activities of daily living, social functioning, or deficiencies of concentration, persistence, or pace.  Furthermore, **based upon the overall record**, I find no instances of decompensation in a work or work-like situation . . .

(Tr. 17) (emphasis added).  Here, there is nothing that suggests that ALJ ignored the 1980 hospitalization or Plaintiff's testimony. The issue is whether he was required to specifically discuss both the one-night hospital stay that occurred eleven years before the alleged disability onset date, which was six years before Plaintiff stopped working, and the specific symptoms that Plaintiff claimed to have.  This Court believes that the ALJ was not required to do so.  There is "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989).  This evidence of the one-night hospital

stay is of such questionable relevance that even if this Court found were to find that it should have been discussed, it would not lead to a different result.

With regard to the 1980 hospital stay and the specific symptoms of which the Plaintiff complained at the hearing, the ALJ's decision provided more than the required "glimpse into the reasoning behind his decision to deny benefits." Zurawski v. Halter, 245 F.3d 881, 889 (7th Cir. 2001). The ALJ "need not provide a complete written evaluation of every piece of testimony and evidence in the record." Henderson, 179 F.3d at 514. Here, there is substantial evidence to support the ALJ's decision, and there is nothing to indicate that he gave improper weight to Plaintiff's testimony regarding his symptoms as there is "such relevant evidence as a reasonable mind might accept to support such a conclusion." Richardson, 402 U.S. at 401.

The ALJ based his decision upon many different components of the record, including the progress notes from Plaintiff's physician, Plaintiff's treatment history, Plaintiff's lack of hospitalizations between relevant time periods, and the ALJ's own completion of the PRTF. The ALJ's opinion indicated that he considered the progress notes submitted by Plaintiff's physician, Dr. Khan, which covered a twenty-five year period from November 21, 1971, through August 5, 1997. These progress notes provide a record of Plaintiff's office visits that were described as "merely routine" by the ALJ, with no indication of significant medical treatment for any condition on an ongoing basis. The ALJ also cited the Plaintiff's treating history as reasoning for his decision, finding that nothing in this treatment history indicated a medically severe impairment. Also, the ALJ stated that Plaintiff's testimony at his ALJ hearing was that he had not had any hospitalizations or any ongoing medical treatment for any medical conditions between 1987 and 1991. In addition, the ALJ evaluated Plaintiff's allegations of mental impairment based upon his decision using the PRTF after reviewing the objective medical evidence contained within the

record.  Using this form, the ALJ found that the Plaintiff had no functional limitation in performing daily living activities, social functioning, nor any deficiencies of concentration, persistence or pace.  Moreover, these observations and findings by the ALJ are consistent with the opinions of the state agency's reviews of the record who concluded that there was insufficient evidence to even evaluate the severity of any alleged mental impairments (Tr. 113-21).

Within his decision, the ALJ clearly articulated his analysis of the evidence and provided more than a glimpse into the reasoning behind his decision.  The ALJ generally referenced Plaintiff's medical history prior to 1991, but did not specifically discuss in his decision Plaintiff's one-day 1980 hospitalization and certain ailments stated by Plaintiff at the hearing.  However, this does not undermine the logical bridge between the evidence and the ALJ's finding.  This Court finds that the ALJ's decision is supported by substantial evidence, and is sufficiently detailed to trace the ALJ's  path of reasoning. See Schmidt v. Barnhart, 395 F.3d 737 (7th Cir. 2005).

## CONCLUSION

Therefore, it is **RECOMMENDED** that the Plaintiff's petition be **DENIED**, that **JUDGMENT** be entered in favor of the Defendant, and that the Court adopt the foregoing findings of fact and conclusions of law.

**DATED: March 5, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

8